Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7294 | **DATE** | 3/28/2000 |
| **CASE TITLE** | Kenya Gary, et al. vs. Michael Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' objections to Magistrate Guzman's Order of July 9, 1999 [Doc. 426-1] and Plaintiffs' petition for interim payment of costs [Doc. 425-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Plaintiffs' objections to Magistrate Judge Guzman's Order of July 9, 1999 [Doc. 426-1] is DENIED and Plaintiffs' petition for interim payment of costs [Doc. 425-1] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| | Notices mailed by judge's staff. | MAR 29 2000 date docketed | 481 |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MFA (lc) | courtroom deputy's initials | 00 MAR 28 PM 2:49  MAR 29 2000 date mailed notice | mailing deputy initials |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENYA GARY and TANIA HAYES,	)
individually and on behalf of a class,,	)
	)
	Plaintiffs,	)
	)	No. 96 C 7294
	v.	)
	)	HONORABLE DAVID H. COAR
MICHAEL SHEAHAN, SHERIFF OF	)
COOK COUNTY, in his individual capacity	)
and official capacity,	)
	)
	Defendant.	)

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiffs' objections to Magistrate Guzman's Order of July 9, 1999 [Doc. # 426-1] and plaintiffs' petition for interim payment of costs [Doc. # 425-1]. For the following reasons, both of plaintiffs' motions are DENIED.

### Background

On July 9, 1999, pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), Magistrate Judge Guzman ordered the defendant to pay plaintiffs' reasonable expert costs in preparation for deposition of $14,125.00 and ordered plaintiffs to pay defendant's reasonable expert costs in preparation for deposition of 17,909.83.[1] (Guzman's Order, July 9, 1999, pp. 5-6). The plaintiffs responded to Judge Guzman's order by filing objections to the order with this court. First, the plaintiffs argue that

---

[1] Plaintiffs' expert witness was Dr. Joan Leska and defendants' expert witnesses were Dr. Carl Wahlstorm, Dr. Orest Wasyliw, Professor Norman Carlson, and Mr. John Rees. (Guzman's Order, July 9, 1999, pp. 2-3). Magistrate Judge Guzman broke down the costs of each individual expert within his order. (Id., p. 4).

1

the defendant's expert witnesses used an unreasonable amount of time to prepare for depositions. In particular, the plaintiffs object to the 44.25 hours defendant experts Dr. Wasyliw and Dr. Wahlstorm used to prepare for 5 hours and 4.5 hours of deposition time respectively, as well as the 24 hours defendant expert Mr. Carlson used to prepare a two page report. (Pl's Objections, p. 2, 4). In contrast, the plaintiffs' expert witness, Dr. Leska, only used 50 hours of preparation time for 29.5 hours of deposition that occurred over five separate occasions. (Pl's Objections, p. 3, n.2).

Second, the plaintiffs object to Judge Guzman's order that the costs of defendants' experts are to be borne by the plaintiff class as a whole. (Pl's Objections, p. 4). The plaintiffs argue that, especially since the majority of class members are low-income women, class members should not be liable for litigation costs in the event of an adverse judgment. In particular, the Rule 23(c)(2) opt-out notice that was mailed to class members on June 1, 1997 did not advise the class of any potential cost liability in the event of an adverse ruling. Therefore, manifest injustice would occur if absent class members were required to pay $17,909.83 in costs to the defendants. (Pl's Objections, p. 5).

## Analysis

Federal Rule of Civil Procedure 26(b)(4)(C) states:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Courts in this circuit have held as a general rule that Rule 26(b)(4)(C) does not require the party deposing an expert witness to bear the expenses of that expert's deposition preparation time unless it is a complex case where there has been a considerable lapse of time between an expert's work on

2

a case and the date of the actual deposition. EEOC v. Sears, Roebuck & Co., 138 F.R.D. 523, 526 (N.D.Ill. 1991); Rhee v. Witco Chemical Corp., 126 F.R.D. 45, 47 (N.D.Ill. 1989). The shifting of the expert's fees for deposition preparation, as well as for the deposition itself, is consistent with the overall purpose of Rule 26. Collins v. Village of Woodridge, 1999 WL 966455, *3 (N.D.Ill.).

The plaintiffs do not present any new evidence or arguments that they did not already present before Judge Guzman. In his order, Judge Guzman stated:

> Defendants assert that the time spent in preparation was reasonable and necessary. On the other hand, plaintiff does not give us sufficient information to make a reasoned determination that the time spent in preparation was not reasonable in this case. The length of the actual deposition alone is not necessarily indicative of the amount of time reasonably spent in preparation, yet this is the only basis given by plaintiffs for their conclusion that the preparation time is unreasonable. We can not come to such a conclusion without some basis therefore." (Guzman's Order, p. 4).

Rule 26(b)(4)(C) allows both the plaintiff and the defendant to seek reimbursement for costs reasonably incurred for the preparation of expert witnesses for deposition, and is not limited only to prevailing parties. Sears, 138 F.R.D. at 526-27. Therefore, since the plaintiffs have not shown that defendants' expert costs are unreasonable, the plaintiffs' objections to Judge Guzman's order and plaintiffs' petition for interim fees is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: MARCH 28, 2000

3