# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 7294 | DATE | JUN 23 2000 |
| CASE TITLE | | Gary vs. Sheahan | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Petition for Interim Attorneys' Fees and Costs [Doc. 475]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Plaintiffs' Petition for Interim Attorneys' Fees and Costs is GRANTED. The court awards the plaintiffs interim attorneys' fees of $257,786.60 and costs of $26,412.05.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 26 2000 date docketed | |
| | Notified counsel by telephone. | | | 490 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | JUN 26 2000 date mailed notice | |
| MEA (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYA GARY and TANIA HAYES, individually and on behalf of a class, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) No. 96 C 7294 |
| v. | ) ) HONORABLE DAVID H. COAR |
| MICHAEL SHEAHAN, SHERIFF OF COOK COUNTY, in his official capacity, | ) ) ) |
| Defendant. | ) |

JUN 26 20**

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiffs Kenya Gary and Tania Hayes', through their attorneys Thomas G. Morrissey, Ltd., and Robert H. Farley, Ltd. ("plaintiffs"), petition for interim attorneys' fees and costs dated December 20, 1999 [Doc. 475]. For the following reasons, plaintiffs' petition is GRANTED.

### Background

This petition for interim fees and cost related to activities that occurred between October 5, 1998 through September 24, 1999. This court previously awarded a portion of the interim fees and costs due the plaintiffs for activities occurring around the preliminary injunction and the summary judgment ruling. That order, issued in September of 1999, granted the plaintiffs $423,973.16 is attorneys' fees and $74,982.69 in costs. The present petition addresses activities around the summary judgment ruling on September 13, 1999 for plaintiffs Gina G., Glenda C., Mildred C., and other class members who were strip searched during the period of March 17, 1997 to October 17,

1

490

1997 ("Summary Judgment II"); the preparation for the plaintiffs' successful defense in the Seventh Circuit Court of Appeals of the Michael Sheahan's ("Sheahan") attempt to overrule this court's denial of his motion to decertify the class; the litigation and appeal of the issue of interim fees; as well as some work related to the damage claims.

The plaintiffs present a total fee amount of $517,129.20. However, the plaintiffs request an award of only fifty percent (50%) of attorneys' fees and their costs, pending the resolution of the damages claims of the class members, for a total of $258,564.60 in fees and $26,412.05 in costs. (Pl's Petition, p. 2). The plaintiffs state that on November 15, 1999, in accordance with Local Rule 47, the attorneys for Sheahan were provided with the time and expenses records on which this interim fee and costs petition was based. Local Rule 47C(5)(d) requires a respondent within 21 days of receipt of the documents supporting the petition to provide opposing counsel with "any evidence the respondent will use to oppose the requested hours, rates, or related nontaxable expenses." Sheahan's attorneys did not put forth any such evidence.

**Analysis**

The defendant makes three main arguments against the plaintiffs' request for interim fees: (1) the plaintiffs are not prevailing parties in that they have not obtained substantial relief on the merits which is not defeasible by further proceedings; (2) the plaintiffs' interim fee request is excessive; (3) the Prison Litigation Reform Act (PLRA) limits the recovery of fees in this action.

As to the defendant's argument that plaintiffs have not obtained substantial relief, this court addressed this issue in the opinion on the previous petition for interim fees and it does not need to be addressed again. See Memorandum Opinion and Order, August 25, 1999, pp. 3-5.

As to the defendant's argument that the plaintiffs' interim fee request is excessive, the

2

defendant cites <u>Hensley v. Eckerhart</u> for the argument that if a §1983 plaintiff has achieved only partial or limited success, then the requested fees may be out of proportion to the success of the case. 461 U.S. 424, 436, 103 S.Ct. 1933, 1941. However, in <u>Hensley</u> the plaintiffs did not succeed on all its claims on the merits, and thus were partially prevailing parties. In contrast, in the present case the plaintiffs have prevailed on all claims on the merits. Liability has been determined and only the level of damages is left to be litigated. Unlike partially prevailing parties, where plaintiffs have "tactical victories in what turned out to be a losing war," the plaintiffs in the present case have won all the significant battles. <u>Petrovich v. Consolidated High School District #230</u>, 959 F.Supp. 884, 890-91, citing <u>Hunger v. Leininger</u>, 15 F.3d 664, 670 (7th Cir. 1994).

The defendant has made no specific objections to any of the time entries and instead has made the general objection that "the time records relate primarily to the damage claims . . ." (Dft's Resp., p. 8). Not only has the defendant failed to state his objections with clarity and particularity, <u>Hutchinson v. Amateur Electronic Supply, Inc.</u>, 42 F.3d 1037, 1048 (7th Cir. 1994), but he also fails to recognize that the majority of the fees requested are for the Summary Judgment II as well as for the successful defense of a Seventh Circuit appeal and the litigation and appeal of the issue of interim fees.

The defendant's final argument is that the PLRA, 42 U.S.C. § 1997 et seq., applies to this case and thus attorneys' fees are limited to $97.50 per hour for all reasonable time spent in court and $67.50 for all reasonable time spent on out of court matters. (Dft's Resp., pp. 10-12, citing PLRA, 42 U.S.C. § 1997e(d)(2)). To support his argument, the defendant cites the Seventh Circuit case <u>Kerr v. Puckett</u>, 138 F.3d 321, 323 (7th Cir. 1998). However, the Seventh Circuit held just the opposite in <u>Kerr</u>, for the court made it clear that the PLRA is only applicable to a "prisoner" and not

3

an "ex-prisoner." In particular, the court specifically stated that a plaintiff who waits to bring her case until after her release avoids the application of the PLRA. Kerr, 138 F.3d at 323. That is exactly the case here, for the plaintiffs in the present case are individuals who have been released form custody following a hearing.

The plaintiffs have submitted an interim fee request of $515,573.20.[1] this total came from the hours worked by plaintiffs' attorney, Thomas Morrissey, at $265 per hour, Robert Farley, Jr. at $225 per hour, and paralegals Gina Watson and Armando Gonzalez at $80 per hour. These fees are reasonable and the hours were reasonably expended. Hensley, 461 U.S. at 433-34, 103 S.Ct. at 1939-40. The plaintiffs have requested only fifty percent (50%) of their attorneys' fees, pending the resolution of the damage claims of the class members. (Pl's Petition, p. 2). See Hvorcik v. Sheahan, 1997 WL 695721 (N.D.Ill. Oct. 31, 1997). Therefore, this court awards interim fees in the amount of $257,786.60 and costs of $26,412.05.

---

[1] The plaintiffs agreed to decrease the interim fee request by $1556.00 based upon the defendant pointing out that certain time entries of paralegal Gina Watson reflect her work on two other strip search cases pending before Judge Andersen. (See Dft's Resp. at n. 4; Pl's Reply at n. 1).

4

## Conclusion

For the foregoing reasons, plaintiffs Kenya Gary and Tania Hayes', through their attorneys Thomas G. Morrissey, Ltd., and Robert Farley, Ltd., petition for interim attorneys' fees and costs is GRANTED. This court awards interim fees in the amount of $257,786.60 and costs of $26,412.05.

Enter:

David H. Coar
United States District Judge

Dated: JUN 2 3 2000