Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7294 | **DATE** | 9/26/2001 |
| **CASE TITLE** | Kenya Gary and Tania Hayes, individually and on behalf of a class vs. Michael Sheahan, Sheriff of Cook County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' attorneys are awarded $183,372.43 in interim fees and $64,462.97 in interim costs. [Doc # 532-1] Motion for attorney's fees is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 27 2001 date docketed | |
| X | Docketing to mail notices. | | 561 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | 01 SEP 26 PM 7:40 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Keny Gary and Tania Hayes, )
individually and on behalf of a class, )
)
Plaintiffs, )
) No. 96 C 7294
v. )
) HONORABLE DAVID H. COAR
Michael Sheahan, Sheriff of Cook County, )
in his official capacity, )
)
Defendant. )

DOCKETED SEP 27 2001

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiffs' counsel Thomas G. Morrissey's ("Morrissey") and Robert H. Farley, Jr.'s ("Farley"), petition for interim attorney's fees and non-taxable expenses, dated February 2, 2001. For the following reasons, plaintiffs' counsel is awarded $183,372.43 in interim fees and $64,462.97 in interim costs.

### Discussion

The plaintiffs' attorney submit that since their last interim fee petition, in December 1999, they have incurred $64,462.97 in costs and $366,744.85 in fees. In the fee petition currently before this court, plaintiffs' counsel is seeking fifty percent of the accrued attorney's fees ($183,372.43) and their costs, pending the resolution of the damages claims of the class members.

In determining the amount of attorney's fees and costs to award to the counsel for the prevailing party, the burden is on the party seeking the award to substantiate the hours worked and the rate claimed. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct 1933, 1939 (1983). The

district court must review the fee request and has the discretion to increase or decrease the amount in light of twelve factors.[1] Id. at 429-30 n.3, 103 S.Ct. at 1937-38 n.3. The court must give a "concise, but clear explanation" for each modification to the proposed amount. Smith v. Great American Restaurants, Inc., 969 F.2d 430, 439 (7th Cir. 1992). In analyzing the fee request, "the most critical factor is the degree of success obtained." Estate of Borst v. O'Brien, 979 F.2d 511, 515 (7th Cir. 1992) (quoting Hensley, 461 U.S. at 436, 103 S.Ct. at 1941).

## 1. Hourly Rate Attorneys

In determining the rate to award the plaintiffs' counsel, the court must look at "the rates charged by lawyers in the community of 'reasonably comparable skill, experience and reputation.'" People Who Care v. Rockford Board of Education, 90 F.3d 1307, 1310 (7th Cir. 1996). The Seventh Circuit uses two methods to calculate fee awards: first is to use the current market rate; second is to base the award on the rate the attorney charged at the time services were rendered and then add interest. Smith v. Village of Maywood, 17 F.3d 219, 221 (7th Cir. 1994).

Morrissey presents evidence that the current market rate for his work was within the range of $265 to $295 per hour, and Farley presents evidence that the current market rate for his work was within the range of $250 to $275. (Affidavit of Thomas Peters; Affidavit of John Stainthrop). that he has been recently awarded $335 per hour in a similar case. The defendant objects to the increase in plaintiffs' attorneys hourly rates but does not provide any evidence to

---

[1] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

support such a rebuttal. Consequently, the rates proposed by plaintiffs' attorneys are considered reasonable. People Who Care v. Rockford Board of Education, 90 F.3d 1307,1314-15 (7th Cir. 1992).

**2. Hourly Rates of Paralegals**

As the defendant has failed to provide this court or class counsel with any evidence suggesting that the rates charged by plaintiff class' paralegal is unreasonable, the rates determined by the plaintiffs' counsel are appropriate and reasonable.

**3. Compensation for Two Attorneys**

The Seventh Circuit has determined that a court's award of attorneys' fees for more than one attorney's time at court appearances is "eminently reasonable and well within its discretion." Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 520, 525 (7th Cir. 1995).

Given the complex issues presented in these lawsuits, the presence of two attorneys was more than reasonable. Moreover, the defendant often had several lawyers present on his behalf and the plaintiff class was entitled to same advantage.

**4. Court Appearances Where Plaintiffs' Motion Were Denied**

In Hensley v. Echerhart, 461 U.S. 424, 435 (1983), the U.S. Supreme Court ruled that when a plaintiff has achieved excellent results, "the fee should not be reduced simply because the plaintiff has failed to prevail on every contention in the lawsuit." In addition, the case law in the Seventh Circuit reflects that a fee award should not be reduced merely because a plaintiff lost certain motions or rulings. People Who Care v. Rockford Board of Education, 90 F.3d 1307,1314(7th Cir. 1992); Kurowski v. Krajewski, 848 F.2d 767, 776 (7th Cir.), cert.denied, 488 U.S. 926 (1988).

Consequently, this court deems it reasonable to compensate plaintiffs' attorneys for the

35.5 hours of time sought for court appearances (including travel) that may not have been at the time successful.

5. Costs

Class counsel has provided sufficient evidence to prove that its interim costs do, in fact, come to a total sum of $64,462.97. The defendant attempts to nonsensically assert that class counsel's request for phone charges and postal expenses should not be granted because such charges are "within the normal operating overhead of any type of business or law practice." In this court's experience, law practices always charge for phone calls and postage. As the defendant as has not provided any factual evidence as to why plaintiffs' counsel should be an exception, this court finds that class counsel's request for $64,462.97 in costs is reasonable.

### Conclusion

For the foregoing reasons, class counsel is awarded $183,372.43 in interim fees and $64,462.97 in interim costs.

Enter:

David H. Coar
United States District Judge

Dated: September 26, 2001