Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 7294 | DATE | NOV 3 0 2001 |
| CASE TITLE | Kenya Gary and Tania Hayes, individually and on behalf of a class vs. Michael Sheahan, Sheriff of Cook County, in his official capacity | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, this court finds that plaintiffs' attorneys are entitled to receive in total an award of fees in the amount of three million dollars and an award of costs in the amount of $45,398.81, less the credit due defendant of $875,337.35 for prior payments of interim attorneys' fees. As stipulated by the Order granting the parties' Joint Motion for Approval of Disbursement of Settlement Funds And An Award of Attorneys' Fees and Costs, dated November 7, 2001, fifty percent of the remaining attorneys' fees and one hundred percent of the remaining costs awarded must be paid within 30 days of this Memorandum Opinion and Order. The final fifty percent of attorneys' fees awarded must be paid within 90 days of the date of entry of this Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | 3 number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 0 3 2001 date docketed | |
| X | Docketing to mail notices. | | 513 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | DEC 0 3 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenya Gary and Tania Hayes, individually and on behalf of a class, ) ) ) Plaintiffs, ) ) v. ) ) Michael Sheahan, Sheriff of Cook County, ) in his official capacity, ) ) Defendant. ) | No. 96 C 7294 HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

DEC 0 3 2001

Before this court is plaintiffs' counsel Thomas G. Morrisey's ("Morrisey") and Robert H. Farley, Jr.'s ("Farley"), petition for attorney's fees and non-taxable expenses, dated July 16, 2001. For the following reasons, plaintiffs' counsel is awarded in total an award of fees in the amount of three million dollars and an award of costs in the amount of $45,398.81, less the credit due defendant of $875, 337.35.

### Discussion

On July 16, 2001, counsel for the plaintiff class submitted a petition for attorneys' fees and costs in the following cases: Gary v. Sheahan, 96 C 7294; Wilkes v. Sheahan, 1 C 1592; Wells v. Sheahan, 95 C 5918; and Quarrels v. Sheahan, 96 C 1215. Under the Joint Stipulation of Settlement, the plaintiffs' attorneys fees and costs are to be determined by this court after the defendant has been given an opportunity to respond to the plaintiffs' petition. The defendant has so responded.

## Standard

In determining the amount of attorney's fees and costs to award to the counsel for the prevailing party, the burden is on the party seeking the award to substantiate the hours worked and the rate claimed. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct 1933, 1939 (1983). The district court must review the fee request and has the discretion to increase or decrease the amount in light of twelve factors.[1] Id. at 429-30 n.3, 103 S.Ct. at 1937-38 n.3. The court must give a "concise, but clear explanation" for each modification to the proposed amount. Smith v. Great American Restaurants, Inc., 969 F.2d 430, 439 (7th Cir. 1992). In analyzing the fee request, "the most critical factor is the degree of success obtained." Estate of Borst v. O'Brien, 979 F.2d 511, 515 (7th Cir. 1992) (quoting Hensley, 461 U.S. at 436, 103 S.Ct. at 1941).

## Analysis

The plaintiffs petition for attorneys fees argues that the plaintiffs' counsel's request for fees and costs is reasonable and in accord with fees granted in class action lawsuits. This court agrees.

### 1. Hourly rate

In determining the rate to award the plaintiffs' counsel, the court must look at "the rates charged by lawyers in the community of 'reasonably comparable skill, experience and reputation.'" People Who Care v. Rockford Board of Education, 90 F.3d 1307, 1310 (7th Cir.

---

[1] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

1996). The Seventh Circuit uses two methods to calculate fee awards: first is to use the current market rate; second is to base the award on the rate the attorney charged at the time services were rendered and then add interest. Smith v. Village of Maywood, 17 F.3d 219, 221 (7th Cir. 1994).

Plaintiffs' counsel presents evidence that the current market rate for his work is $317.75 per hour and that he has been recently awarded $335 per hour in a similar case. The defendant argues that plaintiffs' attorneys have inappropriately "enhanced" their 36.5 hours out of 7,140 hours of their fee award by "multiplying" their hourly rate. As support, the defendant states that at the onset of litigation, Morrissey was charging $235.00 per hour for his time and Farley was charging $225.00 per hour for his time. Litigation, however, began in 1995. The defendant does not provide any evidence to support his conclusion that plaintiffs' attorneys should receive less than $317.75. People Who Care, 90 F.3d at 1314-15.

In this court's view, plaintiffs' attorneys have accurately adjusted their rates to reflect their current market rate, and therefore, this court awards plaintiffs' counsel attorney's fees at the amount of $317.00 per hour.

## 2. Compensation for Two Attorneys

The Seventh Circuit has determined that a court's award of attorneys' fees for more than one attorney's time at court appearances is "eminently reasonable and well within its discretion." Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 520, 525 (7th Cir. 1995).

The defendant argues that Farley should not be compensated for the 36.5 hours of time spent on court appearances, where Mr. Morrissey was also present. Given the complex issues presented in these lawsuits, the presence of two attorneys was more than reasonable. Moreover, the defendant often had several lawyers present on his behalf and the plaintiff class was entitled to same advantage.

## 3. Calculation of Reasonable Fees

Fees awarded under Section 1988 may be calculated in a number of ways. First, attorneys fees maybe awarded simply on the basis of the "lodestar" amount. The lodestar is determined by multiplying the reasonable hourly rate times the reasonable number of hours. City of Riverside v. Rivera, 477 U.S. 561, 568 (1986). Alternatively, in class actions suits, attorneys fees may be calculated based upon the lodestar amount and additional compensation resulting from the delay in payment of fees. In re Continental Illinois Securities Litigation, 962 F.2d 556, 570-71 (7th Cir. 1992). Courts awarding fees in the context of class actions have also applied a multiplier to the lodestar, in order to reflect the risk of losing the case and not being paid at all. Price v. Marshall Erdman & Associates, Inc., 966 F.2d 320, 327-28 (7th Cir. 1992).

The defendant argues that both the Supreme Court and the Seventh Circuit have held that use of risk multipliers in fee-shifting cases is generally prohibited. City of Burlington v. Dague, 505 U.S. 557 (1992); Florin v. Nationsbank of Georgia, 34 F.3d 560, 564 (7th Cir. 1994).

While this court agrees with defendants that both Dague and Florin establish a general prohibition against the use of risk-multipliers in fee-shifting cases, the Seventh Circuit have held that when a case is settled by the creation of a common fund, common-fund principles rather than an otherwise applicable fee-shifting statute govern the court's award of attorneys' fee. Florin, 34 F.3d at 560. Consequently, we must first determine whether this case should be governed by common fund principles or by statutory fee-shifting principles.

In Skelton v. General Motors Corp., 860 F.2d 250, 257 (7th Cir.1988), cert. denied, 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989), the Seventh Circuit held there that "when a settlement fund is created in exchange for release of the defendant's liability both for damages and for statutory attorney's fees, equitable fund principles must govern the court's award of the

attorney's fees." Skelton, 860 F.2d at 256 (citing In re Fine Paper, 751 F.2d 562, 582-84 (3d Cir.1984); Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 164-65 (3d Cir.1973)). In this case, although the manner in which the defendant structured the final settlement of this case did not result in a typical common fund, the settlement agreement approved by the court provides that upon a determination of reasonable attorneys fees and costs to be paid to the plaintiff, the defendant will be released from liability for both damages and any additional statutory attorney's fees. The settlement agreement anticipates that the amount paid to plaintiff class does not include an unspecified sum for class counsel's fees. An award of attorney's fees from in addition to the fund would therefore be consistent with the goal of the fee-shifting provision to allow " 'the offending party [to] bear the costs of the award rather than ... plan participants.' " Bowen v. Southtrust Bank of Alabama, 760 F.Supp. 889, 894 (M.D.Ala.1991) (citing Eaves v. Penn, 587 F.2d 453, 464 (10th Cir.1978)). Furthermore, an award of fees in addition to the settlement fund comports with the fee-shifting policy of enabling meritorious plaintiffs who would not otherwise be able to afford to bring a lawsuit under ERISA, to pursue their claims. Consequently, the award of attorney's fees and costs in this present case will governed by common-fund principles.

As such, the Seventh Circuit has concluded that the holding in Dague does not extend to those cases in which fees have been awarded as a common fund. Florin, 34 F.3d at 564. Common fund principles properly control a case which is initiated under a statute with a fee-shifting provision, but is settled with the creation of a common fund. Id. Dague, by its terms, applies only to statutory fee-shifting cases, and its reasoning is largely based on the statutory language of fee-shifting provisions. Id.

Therefore, the court finds that plaintiffs' attorneys are entitled to receive in total an award

of fees in the amount of three million dollars and an award of costs in the amount of $45,398.81, less the credit due defendant of $875, 337.35 for prior payments of interim attorneys' fees.

## Conclusion

For the foregoing reasons, this court finds that plaintiffs' attorneys are entitled to receive in total an award of fees in the amount of three million dollars and an award of costs in the amount of $45,398.81, less the credit due defendant of $875, 337.35 for prior payments of interim attorneys' fees. As stipulated by the Order granting the parties' Joint Motion for Approval of Disbursement of Settlement Funds And An Award of Attorneys' Fees and Costs, dated November 7, 2001, fifty percent of the remaining attorneys' fees and one hundred percent of the remaining costs awarded must be paid within 30 days of this Memorandum Opinion and Order. The final fifty percent of attorneys' fees awarded must be paid within 90 days of the date of entry of this Memorandum Opinion and Order.

Enter:

_/s/ David H. Coar_
David H. Coar
United States District Judge

Dated: **NOV 3 0 2001**